UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DANIEL BUCHANAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 2:15-cv-00354-JMS-MJD |
| | ) |
| DICK BROWN, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Daniel B. Buchanan for a writ of habeas corpus challenges a prison disciplinary proceeding, ISR 15-04-0002, in which he was found guilty of possessing a controlled substance. For the reasons explained in this entry, Mr. Buchanan's habeas petition must be **denied**.

**I. Overview**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On March 29, 2015, Officer B. Turney wrote a Report of Conduct in case ISR 15-04-0002 charging Mr. Buchanan with possession of a controlled substance (Exhibit A). The Report of Conduct states:

> On the above date and appx time I Ofc B Turney was doing an inspection of the pipe chases when I smelled something burning towards the back of the range. I made it behind cell 23/3R and observed Ofd Buchanan (157928) smoking an unknown substance. I then shut off his water and advised the other officer by radio to signal 8 Buchanan's cell and pull him out for a shakedown. As the officer made his way down the range I observed Buchanan place something into a glove finger and place it in his anus. He was then restrained and taken to a drycell and placed under constant observation by staff. While searching his cell I found a small round blackish brown ball that appeared to be tar heroin. The item was confiscated and all documents filled out.

Dkt. 11-1.

The substance was taken to Internal Affairs and tested positive as heroin. Dkt. 11-3, p. 6. On April 7, 2015, Mr. Buchanan was notified of the charge of possession of a controlled substance and served with the Report of Conduct, dkt. 11-1, and the Notice of Disciplinary Hearing "Screening Report," dkt. 11-2. Mr. Buchanan was notified of his rights, pled not guilty and did not request the appointment of a lay advocate. Dkt. 11-2. He requested a statement from Officer Turney, and requested video evidence. *Id.*

The hearing officer conducted a disciplinary hearing in ISR 15-04-0002 on April 17, 2015, and found Mr. Buchanan guilty of the charge of possession of a controlled substance. Dkt. 11-3. In making this determination, the hearing officer considered the offender's statements, staff reports, evidence from witnesses, and test results from Internal Affairs. *Id.* The hearing officer recommended and approved the following sanctions: a written reprimand, 3 months disciplinary segregation, and a 90 day deprivation of earned credit time. The hearing officer imposed these

sanctions because of the seriousness and nature of the offense, and the degree to which the violation disrupted and endangered the security of the facility.

Mr. Buchanan's appeals were denied. This habeas action followed.

### III.  Analysis

Mr. Buchanan alleges that his due process rights were violated during the disciplinary proceeding. His claims are that: 1) the reporting officer, Officer Turney, changed his story; 2) there were no witnesses to Officer Turney finding the substance in his cell; 3) the chain of custody for the substance was not complete; and 4) he was denied results of the urine and x-ray tests.

*Claims 1 and 2*

Claims 1 and 2 challenge the sufficiency of the evidence. Mr. Buchanan argues that the reporting officer first alleged that he had seen Mr. Buchanan smoking a funny smelling substance and then place the substance in his anus. Mr. Buchanan contends that Officer Turney's additional statement that he saw Mr. Buchanan place the substance on the floor at the end of his bunk in his cell, dkt. 11-3, p. 3, was inconsistent with his conduct report. He further argues that the other officer who searched Mr. Buchanan's cell did not find any drugs and did not see where the drugs were found by Officer Turney.

The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is any

evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

The conduct report alone can be sufficient evidence in a disciplinary habeas case. Here, Officer Turney initially smelled something burning. Dkt. 11-1. He then watched Mr. Buchanan smoke an unknown substance and then place something into his anus. *Id.* Officer Turney also reported that when he searched Mr. Buchanan's cell, he found a small round blackish brown ball that appeared to be tar heroin. *Id.* In addition to the conduct report, Officer Turney submitted a written statement asserting that while he was in the pipe chase, he watched from the vent at the back of Mr. Buchanan's cell and saw Mr. Buchanan place the heroin on the floor at the end of his bunk. Dkt. 11-3, p. 3.

To the extent Mr. Buchanan challenges Officer Turney's credibility, it is not the Court's role to evaluate credibility or weigh the evidence. *See Wilson-El v. Finnan,* 2008 WL 2420994, 281 Fed.Appx. 589, 591 (7th Cir. June 12, 2008) (Courts do not reweigh the evidence or reassess the board's credibility determinations and "show a higher level of deference to the factual determinations of the board"); *Salazar v. Knight,* 2008 WL 382651, 263 Fed.Appx. 514, 516 (7th Cir. Feb. 13, 2008) (to determine whether the "some evidence" standard is met, "we do not need to assess the credibility of witnesses or weigh evidence") (citing *Hill,* 472 U.S. at 455); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("In reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.") (internal quotation omitted).

The witness statement of Sgt. Ogle stated that he first conducted a brief search of Mr. Buchanan's cell and found no drugs. Dkt. 11-3, p. 2. Then Officer Turney entered the cell and found what appeared to be tar heroin. *Id.* Although Sgt. Ogle stated that he did not see where the heroin was found, he did corroborate that Officer Turney found the heroin somewhere in Mr. Buchanan's cell. *Id.* Mr. Buchanan's argument that there was no witness to Officer Turney finding the drugs under the bunk does not establish a due process violation.

Mr. Buchanan's third claim is a challenge to the chain of custody of the substance that was determined to be heroin. He argues that there were no signatures or initials on any paper trail following the substance and there was no way to know if it had been handled or moved or touched without proper gloves. The substance was confiscated by Officer Turney from Mr. Buchanan's cell and taken to Internal Affairs where it was tested and found to be heroin. Dkt. 11-3, p. 6. Mr. Buchanan has offered only speculation, not affirmative evidence of tampering or inaccurate testing. *See Webb v. Anderson,* 224 F.3d 649, 653 (7th Cir. 2000) (absent "some affirmative indication" that a mistake had been made in the toxicology report and chain of custody indicating that the drug was obtained from the inmate, such evidence qualifies as "some evidence" that inmate used the drug). The officer who found the evidence in Mr. Buchanan's cell took it to Internal Affairs where it was tested. This evidence was sufficient to support the finding that Mr. Buchanan possessed a controlled substance.

The final claim, that Mr. Buchanan was denied access to the urine test and x-ray results, was not raised during the administrative proceeding, so it has been waived. A habeas claim is procedurally defaulted if it is not asserted in the administrative appeals. *See Eads v. Hanks,* 280 F.3d 728, 729 (7th Cir. 2002); 28 U.S.C. § 2254(b)(1)(A). In addition, this claim lacks merit because there is no record that Mr. Buchanan requested such evidence before or during the

hearing. At screening, the physical evidence he requested was a video. Dkt. 11-2, p.1. The video evidence was viewed and considered by the hearing officer. Dkt. 11-3, p. 4. ("Ofcs. seen on the range, removing the ofd. from the cell, and then searching the cell.").

Mr. Buchanan was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Buchanan's due process rights.

### IV.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Buchanan's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  October 5, 2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

Daniel Buchanan, DOC #157928
Wabash Valley Correctional Facility
Inmate Mail/Parcels
6908 S. Old U.S. Highway 41
P.O. Box 1111
Carlisle, IN 47838-1111